IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAMARR WASHINGTON | ) |
| | ) |
| v. | ) |
| | )   Case No. |
| University of Illinois at Chicago, | ) |
| Paula Allen-Meares, Chancellor, | ) |
| in her official capacity, | ) |
| Board of Trustees of University of Illinois, | ) |
| Christopher G. Kennedy, | ) |
| Frances G. Carroll, Lawrence Oliver, | ) |
| Karen Hasara, Timothy Koritz, | ) |
| James D. Montgomery, Pamela Strobel, | ) |
| Carlos Tortolero, Edward L McMillan, | ) |
| and Bogdan "Dan" V. Zavorotny, | ) |
| in their official capacities, and | ) |
| Pete Baianca, Chief Engineer at UIC, | ) |
| individually | ) |

**COMPLAINT**

Plaintiff LaMarr Washington, by and through his attorney Ellen A. Yearwood of Yearwood and Associates, Ltd, in support of his Complaint, states:

**PARTIES**

1. Plaintiff is an individual with his principal place of residence in Chicago, Cook County, State of Illinois.

2. Defendant University of Illinois at Chicago is a branch of the University of Illinois, and that branch is located in Chicago, Illinois.

3. Defendant Paula Allen-Meares is Chancellor of the University of Illinois at Chicago.

4. Board of Trustees of the University of Illinois is the governing body of the University of Illinois with offices in Champaign, Illinois.

5. Christopher Kennedy is the Chair of the Board of Trustees of the University of Illinois.

6. Michele M. Thompson is the Secretary of the Board of Trustees of the University of Illinois.

7. Pete Baianca is an individual who was the chief engineer at University of Illinois at all times relevant to this Complaint. On information and belief, he resides in Illinois.

## JURISDICTION AND VENUE

8. This action is brought pursuant to Title VII of the Civil Rights Act of 1964; 42 U.S.C. Sec. 1981, as amended by 42 U.S.C. Sec. 2000e, *et seq.;* the Age Discrimination in Employment Act of 1967, 29 U.S.C. Sections 621-634 *et seq.;* and the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. Sec. 1988.

9. This action is further brought pursuant to the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.*

10. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. Sections 1331 and 1343 as it is a civil rights action arising under the laws of the United States.

11. This Court has pendant jurisdiction over the Illinois Human Rights Act claims in this matter pursuant to Federal Rule of Civil Procedure Rule 18(a) which allows joinder of as many claims as a party has against an opposing party.

12. Venue is proper under 28 U.S.C. Sec. 1391(b) as all the events giving rise to this cause of action occurred in this district.

## FACTS

13. Plaintiff Mr. Washington is a black male aged over 40.

14. At all times material and relevant, Mr. Washington was qualified to be hired as a plant operating engineer to work on the University of Illinois, Chicago campus [hereinafter, "UIC"]. He was a member of IUOE Local 399 Stationary Engineers and had years of experience as an operating engineer.

15. As early as September 22, 2005, Mr. Washington applied to be hired for position C69957 as a plant operating engineer at UIC.. He interviewed with Pete Baianca, but Baianca told him he "preferred" his engineers to have a CFC license and Baianca did not hire him.

16. On information and belief, the person Baianca hired for position C69957 was younger than Mr. Washington and not black.

17. Mr. Washington obtained his CFC license and received his EPA Certified Universal 608 card. In addition, he obtained his EPA Certified 609 Motor Vehicle Clean Air Act card.

18. Mr. Washington applied for two more plant operating engineer positions at UIC numbers C69410 and C69411 approximately March, 2006. Again he interviewed with Pete Baianca. Baianca did not hire him, and during the interview Baianca asked Mr. Washington how old he was and whether he was ready for retirement. Mr. Washington gave his age and stated he was NOT ready for retirement. He was not offered either of the two positions.

19. On information and belief, both these positions were filled by persons younger than Mr. Washington and not black. On information and belief, these positions were filled by persons who were not asked their ages nor asked if they were ready for retirement.

20. Mr. Washington again applied for UIC plant operating engineer position #s C68984, C68989, C68990, and C68991 in April, 2006. His interview was performed by not only Pete Baianca but three other engineers were also present. All four were white and none were black. Mr. Washington was again asked his age and was asked if he was ready for retirement. He gave his age and stated he was NOT ready for retirement. Mr. Washington was not offered any of these positions.

21. On information and belief, the four persons hired to fill these positions were not black and were younger than Mr. Washington. On information and belief, the four persons hired were not asked their ages nor asked if they were ready for retirement.

22. Mr. Washington again applied for UIC plant operating engineer position # C68866 in July, 2006. He was interviewed by Pete Baianca and four other engineers, where one of the engineers was black. Again he was asked his age and again he was asked if he was ready for retirement. He gave his age and answered he was NOT ready for retirement.

23. The next day Mr. Washington was contacted by Diann Washington of the UIC human resources department and told they "had accepted" him and he was to schedule his health exam. He scheduled his health exam for August 18, 2006.

24. On August 18, 2006, Mr. Washington kept his appointment for his health exam. The nurse examining him asked his age, said his blood pressure was too high, and said he had some calcification in his lungs, and she said she could not pass him until he saw his doctor. He immediately went to his doctor who changed his blood pressure medication.

25. On August 25, 2006, Mr. Washington returned to the UIC Health Service Department, had his blood pressure taken, and was told by the nurse "we are going to clear you."

Then she administered a DPT vaccine shot in each of his arms and told him he had to make an appointment with the Outpatient Care Center. He made an appointment for Sept. 6, 2006, at 11 a.m.

26. On Sept. 6, 2006, Mr. Washington kept his appointment and was seen at 10:55 a.m. He was again asked his age and the nurse took his blood pressure not once but twice. The nurse asked him what he was there for and he answered plant engineer. She said she was the only one who gave his test and that it would take only an hour.

27. This nurse did not manage the exercise testing process well. She had already wasted time taking his blood pressure twice. Then she had difficulty setting up to monitor Mr. Washington's heart rate, calibrating the band around his chest with a watch on his wrist, and she said the band and watch were not functioning well. She went to a sink and got another watch. There were two watches, and neither seemed to work. After each exercise the nurse would look at the watch, but after one of the exercises, the watch had stopped. She recalibrated it and set it to use again. This all took an inordinate amount of time, delaying the tests.

28. There were numerous exercises. In another room an exercise required Mr Washington to do a tasks with a peg board which was set too low. The nurse was unable to lift it higher to set it correctly, and she asked a co-worker for help. The co-worker did not help immediately, and it was apparent there was a personality conflict between them. That was a further delay in the testing process.

29. After numerous tests, the nurse stopped the appointment at 12:15 p.m. Mr. Washington asked how he did and she said she would total the results and fax them over to building 835. She instructed him to go there. He went there and arrived at 12:40 p.m.

19. At building 835, Mr. Washington was asked why he didn't do all of the exercises. He responded that he did everything the nurse asked him to do. He asked which ones were shown as incomplete and the explaining nurse declined to tell him. Another person came into the room and said "we can not clear you." Mr. Washington told her he had done everything he had been asked to do. She said, "I am sorry but I wasn't there." Mr. Washington said maybe there should have been two people in the room for his tests. At 1 p.m. there was someone else scheduled to come in, and they did not talk any further.

20. On Sept. 7, 2006, Diann Washington called Mr. Washington and told him that he had failed his exam. He asked if he could take it over and she said no. He asked, "Is that it?" and she said "Yes, that's it."

21. On information and belief, the person hired for the position # C68866 was not asked to take the same physical exam Mr. Washington took, in that either

    (A) that person was allowed to complete all the tests, or

    (B) that person was not delayed by the numerous difficulties the nurse had in administering the exam, or

    (C) that person was not asked to take the test at all, or

    (D) the nurse administering the exam sent in all the results, not just some of them, or

    (E) that person did not have DPT vaccine shots to both arms just before the physical tests began, or

    (F) in some other way was not tested as Mr. Washington was.

22. On information and belief, the person hired for the position # C68866 was not as old

as Mr. Washington and was not black. On information and belief, the person hired was not asked at every interview and appointment his age nor asked at the interview if he was ready for retirement.

23. On Nov. 8, 2006, Mr. Washington perfected his Charge of Discrimination at the US Equal Employment Opportunity Commission [EEOC], charge # 440-2007-00978. On information and belief, the Charge was cross-filed with the Illinois Department of Human Rights.

24. The EEOC mailed Mr. Washington a notice of dismissal titled Notice of Suit Rights dated June 12, 2009.

## COUNT I

### RACE DISCRIMINATION IN VIOLATION OF SEC. 1981 AGAINST UIC/U of I

1-24. Plaintiff Mr. Washington re-alleges the allegations of Sections 1-24 of this Complaint.

25. On information and belief, Plaintiff was targeted to be ignored rather than hired because of his race, black.

26. On information and belief, non-black applicants were hired for each of the positions for which Plaintiff applied.

27. Plaintiff has suffered extreme mental anguish and embarrassment before his friends and family, has lost wages, income, benefits, and opportunity for advancement, and has been unable to enjoy the ordinary pleasures of everyday life, due to the violation of Sec. 1981 committed by UIC.

WHEREFORE, Plaintiff Lamarr Washington respectfully requests this Court to order the

following relief:

A. Compensatory damages in the amount of five hundred thousand dollars ($500,000.00);

B. Back pay, pre- and post-judgment interest, lost benefits, lost increases and promotions, and either the position he sought and would have had but for the discrimination OR front pay to make Plaintiff whole;

C Punitive damages;

D Reasonable attorney's fees and costs of this suit; and

E Such further relief as this Court deems just.

## COUNT II

### RACE DISCRIMINATION IN VIOLATION OF SEC. 1981 AGAINST BAIANCA

1-27. Plaintiff Mr. Washington re-alleges the allegations of Sections 1-27 of this Complaint.

28. On information and belief, Plaintiff was targeted to be ignored rather than hired because of his race, black.

29. On information and belief, non-black applicants were hired by Baianca for each of the positions for which Plaintiff applied.

30. Plaintiff has suffered extreme mental anguish and embarrassment before his friends and family, has lost wages, income, benefits, and opportunity for advancement, and has been unable to enjoy the ordinary pleasures of everyday life, due to the violation of Sec. 1981 committed by Baianca.

WHEREFORE, Plaintiff Lamarr Washington respectfully requests this Court to order the

following relief:

A. Compensatory damages in the amount of five hundred thousand dollars ($500,000.00);

B. Back pay, pre- and post-judgment interest, lost benefits, lost increases and promotions, and either the position he sought and would have had but for the discrimination OR front pay to make Plaintiff whole;

C Punitive damages;

D Reasonable attorney's fees and costs of this suit; and

E Such further relief as this Court deems just.

## COUNT III

### AGE DISCRIMINATION IN VIOLATION OF ADEA AGAINST UIC/U of I

1-30. Plaintiff Mr. Washington re-alleges the allegations of Sections 1-30 of this Complaint.

31. On information and belief, Plaintiff was targeted to be ignored rather than hired because of his age, over 40.

32. On information and belief, applicants younger than Mr. Washington were hired for each of the positions for which Plaintiff applied.

33. Plaintiff has suffered extreme mental anguish and embarrassment before his friends and family, has lost wages, income, benefits, and opportunity for advancement, and has been unable to enjoy the ordinary pleasures of everyday life, due to the violation of the Age Discrimination in Employment Act committed by UIC..

WHEREFORE, Plaintiff Lamarr Washington respectfully requests this Court to order the

following relief:

A. Compensatory damages in the amount of five hundred thousand dollars ($500,000.00);

B. Back pay, pre- and post-judgment interest, lost benefits, lost increases and promotions, and either the position he sought and would have had but for the discrimination OR front pay to make Plaintiff whole;

C Punitive damages;

D Reasonable attorney's fees and costs of this suit; and

E Such further relief as this Court deems just.

## COUNT IV

## AGE DISCRIMINATION IN VIOLATION OF ADEA AGAINST BAIANCA

1-33. Plaintiff Mr. Washington re-alleges the allegations of Sections 1-33 of this Complaint.

34. On information and belief, Plaintiff was targeted to be ignored rather than hired because of his age, over 40.

35. On information and belief, applicants younger than Mr. Washington were hired for each of the positions for which Plaintiff applied.

36. Plaintiff has suffered extreme mental anguish and embarrassment before his friends and family, has lost wages, income, benefits, and opportunity for advancement, and has been unable to enjoy the ordinary pleasures of everyday life, due to the violation of the Age Discrimination in Employment Act committed by Baianca.

WHEREFORE, Plaintiff Lamarr Washington respectfully requests this Court to order the

following relief:

A. Compensatory damages in the amount of five hundred thousand dollars ($500,000.00);

B. Back pay, pre- and post-judgment interest, lost benefits, lost increases and promotions, and either the position he sought and would have had but for the discrimination OR front pay to make Plaintiff whole;

C Punitive damages;

D Reasonable attorney's fees and costs of this suit; and

E Such further relief as this Court deems just.

## COUNT V

### RACE DISCRIMINATION IN VIOLATION OF IHRA AGAINST UIC/U of I

1-36. Plaintiff Mr. Washington re-alleges the allegations of Sections 1-36 of this Complaint.

37. On information and belief, Plaintiff was targeted to be ignored rather than hired because of his race, black.

38. On information and belief, non-black applicants were hired for each of the positions for which Plaintiff applied.

39. Plaintiff has suffered extreme mental anguish and embarrassment before his friends and family, has lost wages, income, benefits, and opportunity for advancement, and has been unable to enjoy the ordinary pleasures of everyday life, due to the violation of the Illinois Human Rights Act committed by UIC.

WHEREFORE, Plaintiff Lamarr Washington respectfully requests this Court to order the

following relief:

 A. Compensatory damages in the amount of five hundred thousand dollars ($500,000.00);

 B. Back pay, pre- and post-judgment interest, lost benefits, lost increases and promotions, and either the position he sought and would have had but for the discrimination OR front pay to make Plaintiff whole;

 C Punitive damages;

 D Reasonable attorney's fees and costs of this suit; and

 E Such further relief as this Court deems just.

## COUNT VI

## RACE DISCRIMINATION IN VIOLATION OF IHRA AGAINST BAIANCA

 1-39. Plaintiff Mr. Washington re-alleges the allegations of Sections 1-39 of this Complaint.

 40. On information and belief, Plaintiff was targeted to be ignored rather than hired because of his race, black.

 41. On information and belief, non-black applicants were hired by Baianca for each of the positions for which Plaintiff applied.

 42. Plaintiff has suffered extreme mental anguish and embarrassment before his friends and family, has lost wages, income, benefits, and opportunity for advancement, and has been unable to enjoy the ordinary pleasures of everyday life, due to the violation of the Illinois Human Rights Act committed by Baianca.

 WHEREFORE, Plaintiff Lamarr Washington respectfully requests this Court to order the

following relief:

A. Compensatory damages in the amount of five hundred thousand dollars ($500,000.00);

B. Back pay, pre- and post-judgment interest, lost benefits, lost increases and promotions, and either the position he sought and would have had but for the discrimination OR front pay to make Plaintiff whole;

C Punitive damages;

D Reasonable attorney's fees and costs of this suit; and

E Such further relief as this Court deems just.

## COUNT VII

## AGE DISCRIMINATION IN VIOLATION OF IHRA AGAINST UIC/U of I

1-42. Plaintiff Mr. Washington re-alleges the allegations of Sections 1-42 of this Complaint.

43. On information and belief, Plaintiff was targeted to be ignored rather than hired because of his age, over 40.

44. On information and belief, applicants younger than Mr. Washington were hired for each of the positions for which Plaintiff applied.

45. Plaintiff has suffered extreme mental anguish and embarrassment before his friends and family, has lost wages, income, benefits, and opportunity for advancement, and has been unable to enjoy the ordinary pleasures of everyday life, due to the violation of the Illinois Human Rights Act committed by UIC..

WHEREFORE, Plaintiff Lamarr Washington respectfully requests this Court to order the

following relief:

A. Compensatory damages in the amount of five hundred thousand dollars ($500,000.00);

B. Back pay, pre- and post-judgment interest, lost benefits, lost increases and promotions, and either the position he sought and would have had but for the discrimination OR front pay to make Plaintiff whole;

C Punitive damages;

D Reasonable attorney's fees and costs of this suit; and

E Such further relief as this Court deems just.

## COUNT IIX

### AGE DISCRIMINATION IN VIOLATION OF IHRA AGAINST BAIANCA

1-45. Plaintiff Mr. Washington re-alleges the allegations of Sections 1-45 of this Complaint.

46. On information and belief, Plaintiff was targeted to be ignored rather than hired because of his age, over 40.

47. On information and belief, applicants younger than Mr. Washington were hired for each of the positions for which Plaintiff applied.

48. Plaintiff has suffered extreme mental anguish and embarrassment before his friends and family, has lost wages, income, benefits, and opportunity for advancement, and has been unable to enjoy the ordinary pleasures of everyday life, due to the violation of the Illinois Humn Rights Act committed by Baianca.

WHEREFORE, Plaintiff Lamarr Washington respectfully requests this Court to order the

following relief:

A. Compensatory damages in the amount of five hundred thousand dollars ($500,000.00);

B. Back pay, pre- and post-judgment interest, lost benefits, lost increases and promotions, and either the position he sought and would have had but for the discrimination OR front pay to make Plaintiff whole;

C Punitive damages;

D Reasonable attorney's fees and costs of this suit; and

E Such further relief as this Court deems just.

## COUNT IX

## RACE DISCRIMINATION IN VIOLATION OF TITLE VII AGAINST UIC/U of I

1-48. Plaintiff Mr. Washington re-alleges the allegations of Sections 1-48 of this Complaint.

49. On information and belief, Plaintiff was targeted to be ignored rather than hired because of his race, black.

50. On information and belief, non-black applicants were hired for each of the positions for which Plaintiff applied.

51. Plaintiff has suffered extreme mental anguish and embarrassment before his friends and family, has lost wages, income, benefits, and opportunity for advancement, and has been unable to enjoy the ordinary pleasures of everyday life, due to the violation of Title VII committed by UIC..

WHEREFORE, Plaintiff Lamarr Washington respectfully requests this Court to order the

following relief:

 A. Compensatory damages in the amount of five hundred thousand dollars ($500,000.00);

 B. Back pay, pre- and post-judgment interest, lost benefits, lost increases and promotions, and either the position he sought and would have had but for the discrimination OR front pay to make Plaintiff whole;

 C Punitive damages;

 D Reasonable attorney's fees and costs of this suit; and

 E Such further relief as this Court deems just.

## COUNT X

## RACE DISCRIMINATION IN VIOLATION OF TITLE VII AGAINST BAIANCA

 1-51. Plaintiff Mr. Washington re-alleges the allegations of Sections 1-51 of this Complaint.

 52. On information and belief, Plaintiff was targeted to be ignored rather than hired because of his race, black.

 53. On information and belief, non-black applicants were hired by Baianca for each of the positions for which Plaintiff applied.

 54. Plaintiff has suffered extreme mental anguish and embarrassment before his friends and family, has lost wages, income, benefits, and opportunity for advancement, and has been unable to enjoy the ordinary pleasures of everyday life, due to the violation of Title VII committed by Baianca.

 WHEREFORE, Plaintiff Lamarr Washington respectfully requests this Court to order the

following relief:

    A. Compensatory damages in the amount of five hundred thousand dollars ($500,000.00);

    B. Back pay, pre- and post-judgment interest, lost benefits, lost increases and promotions, and either the position he sought and would have had but for the discrimination OR front pay to make Plaintiff whole;

    C Punitive damages;

    D Reasonable attorney's fees and costs of this suit; and

    E Such further relief as this Court deems just.

                                    LAMARR WASHINGTON

                                    _____
                                    s/Ellen A. Yearwood, Attorney

YEARWOOD AND ASSOCIATES, LTD
856 Pearson St
Des Plaines IL 60016-6402
847-824-0358
IL # 06194246
email: yearwood_assoc@yahoo.com