UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAMARR WASHINGTON, | ) |
| | ) |
| Plaintiff, | ) Case No. 09 C 5691 |
| v. | ) |
| | ) Judge Joan B. Gottschall |
| UNIVERSITY OF ILLINOIS AT CHICAGO, PAULA ALLEN-MEARES, CHANCELLOR, in her official capacity, BOARD OF TRUSTEES OF UNIVERSITY OF ILLINOIS, CHRISTOPHER G. KENNEDY, FRANCES G. CARROLL, LAWRENCE OLIVER, KAREN HASARA, TIMOTHY KORITZ, JAMES D. MONTGOMERY, PAMELA STROBEL, CARLOS TORTOLERO, EDWARD L. McMILLAN, and BOGDAN "DAN" V. ZAVOROTNY, in their official capacities, and PETE BAIANCA, chief engineer at UIC, individually, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION & ORDER**

Lamarr Washington brought this employment discrimination claim based on alleged race and age discrimination that he claims to have suffered in applying for an engineering position at the University of Illinois at Chicago ("UIC"). Defendants filed a motion to dismiss, which they amended; the amended motion is presently before the court.

**I. ALLEGATIONS**

According to the Complaint, Washington is African-American and over the age of forty and, at all relevant times, was qualified to be a plant operating engineer at UIC. (Compl. ¶¶ 13-14.) Washington alleges that he applied for open plant operating engineer positions on numerous occasions in 2005 and 2006, but that he was not hired on any

occasion. (*Id.* ¶¶ 15, 18, 20, 22, 20b.[1]) UIC's alleged reasons for not hiring Washington vary. When Washington first applied, Pete Baianca,[2] who conducted the interview, expressed a preference for engineers with a license that Washington did not then have. (*Id.* ¶ 15.) In subsequent interviews, Baianca allegedly asked Washington his age and whether he planned to retire. (*Id.* ¶¶ 18, 20.) In the final instance, Washington was given an offer of employment, but had to clear a health exam, which he failed to do, allegedly because of incompetence or conspiring by the nurses. (*Id.* ¶¶ 23-29, 19b-20b.) In each case, Washington believes that a person was hired that was younger and not African-American. (*Id.* ¶ 16, 19, 21, 22b.)

Washington brought this action against UIC, its chancellor in her official capacity, the Board of the Trustees of the University of Illinois (the "Board"), each trustee on that board in his or her official capacity, and Baianca, who conducted the interviews described above. Washington brings the following claims: 42 U.S.C. § 1981 race discrimination claims against UIC and the University of Illinois (Count I) and Baianca (Count II), Age Discrimination in Employment Act ("ADEA") against UIC and the University of Illinois (Count III) and Baianca (Count IV), Illinois Human Rights Act ("IHRA") race and age discrimination claims against UIC and the University of Illinois (Counts V and VII) and Baianca (Count VI and VIII[3]), and Title VII race discrimination claims against UIC and the University of Illinois (Count IX) and Baianca (Count X). Washington's only allegations regarding the remaining defendants note the official

---

[1] Washington's allegations proceed by numbered paragraphs from 1 through 29, then after paragraph 29, again from 19 through 54. For purposes of disambiguation, the court has labeled the second set of paragraphs marked 19 through 29 with a "b" afterward.
[2] Defendants maintain that Baianca, a defendant in this case, is actually named Pete Bianco.
[3] Washington labels his eighth count IIX.

2

positions held by defendants Paula Allen-Meares, Christopher G. Kennedy, and Frances G. Carroll. (*See* Compl. ¶¶ 3, 5, 6.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to seek dismissal of a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, the court must "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [the plaintiff's] favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Legal conclusions, however, are not entitled to any assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. ____, 129 S. Ct. 1937, 1949 (2009). The plaintiff need not plead particularized facts; Federal Rule of Civil Procedure 8(a)(2) requires only that the claim set forth "a short and plain statement of the clam showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Still, the factual allegations in the complaint must be sufficient to "state a claim to relief that is plausible on its face . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Seventh Circuit recently summarized the requirements of *Twombly*, *Iqbal*, and other recent precedent as follows:

> First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

*Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

## III. ANALYSIS

Defendants attack several aspects of Washington's complaint. First, several defendants contend they are not subject to suit for Washington's alleged injuries. Second, defendants argue that several claims are not actionable against the specific defendants Washington joins. Third, defendants assert that Washington's allegations fail to satisfy federal pleading standards.

### A. Naming of defendants

#### 1. UIC

Defendants note that UIC is not a cognizable entity, and that the suable entity is the Board. *See* 110 Ill. Comp. Stat. § 305/1 (establishing "The Board of Trustees of the University of Illinois" as "a body corporate and politic" which by that name and style shall have . . . power . . . to sue and be sued . . . ."). In his response, Washington concedes that Illinois law requires "suits against the University to be brought against 'the Board of Trustees of the University of Illinois.'" (Resp. 1.) The court grants defendants' motion in part with prejudice and dismisses UIC. *Accord Williams v. Univ. of Ill.*, 945 F. Supp. 163, 164 n.1 (N.D. Ill. 1996).

#### 2. Official defendants

Washington also names as defendants UIC's chancellor and the University of Illinois' trustees. Except for briefly identifying defendants Allen-Meares, Kennedy, and Carroll, Washington's complaint lacks any allegation regarding any of these official defendants, particularly regarding any *conduct* by any of these defendants. The brief identification provided in the complaint's caption suggests that Washington sues each official defendant in his or her official capacity. Of course, an individual acting in such capacity is acting as an agent of the entity he serves, meaning that a suit against the

4

official is a suit against the entity. *Id.* at 165. Assuming that Washington does intend to sue each of the trustees and UIC's chancellors, those defendants are redundant. If Washington attempts to allege that each of these defendants is individually liable, he has failed to do so (and indeed is precluded from doing so in his Title VII, ADEA, and IHRA claims, as explained within).

Washington's responsive briefing suggests no different conclusion. In that brief, Washington's counsel cites no legal authority of any sort, let alone specific authority relevant to the question of whether the individual trustees are proper defendants in age or race discrimination suits. The response similarly lacks any suggestion that an amended complaint would offer more detailed allegations regarding the conduct of these official defendants. Absent such allegations or authority to the contrary, defendants' motion is granted with respect to defendants Allen-Meares, Kennedy, Carroll, Lawrence Oliver, Karen Hasara, Timothy Koritz, James D. Montgomery, Pamela Strobel, Carlos Tortolero, Edward L. McMillan, and Bogdan "Dan" V. Zavorotny.

**B.     Actions brought**

Resolution of defendants' initial argument leaves Washington with each of his five claims against the Board and Baianca.[4] Defendant next argue that Washington's ADEA, Title VII, and IHRA claims should be dismissed against Baianca, and that Washington's section 1981 claims should be dismissed against all official defendants.

The parties agree that there is no individual liability under the ADEA, Title VII, or the IHRA, an agreement that is consistent with relevant precedent. *Williams v.*

---

[4]   The counts Washington asserts against UIC are also captioned against "U of I." The court assumes this means against the Board of Trustees of the University of Illinois. However, there are no allegations regarding the Board, the individual members thereof, the chancellor, or UIC.

5

*Banning*, 72 F.3d 552, 555 (7th Cir. 1995) (holding that no individual liability exists for a supervisor under Title VII); *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 n.2 (7th Cir. 1995) (suggesting that no individual liability exists for a supervisor under the ADEA); *In re Kuna-Jacob & Roesch*, Charge No. 2006 SF 3501, 2009 WL 2382456, at *5 (Ill. Human Rights Comm'n Mar. 17, 2009). Washington brings suit against Baianca in his individual capacity under the ADEA (Count IV), the IHRA (Counts VI and VIII), and Title VII (Count X). Washington argues that Baianca, the individual Board members, and the chancellor can be liable "as individuals in their official capacities." (Resp. 2.) This argument is unsupported, and so is rejected.

Because Washington cannot recover from Baianca personally under Title VII, the ADEA, or the IHRA, and because those counts, if construed against Baianca in his employment capacity, simply duplicate the counts against the Board, Counts IV, VI, VIII and X are dismissed with prejudice.[5]

The parties also argue whether the Board members and the chancellor can be held liable individually. They cannot under Title VII, the ADEA, or the IHRA because those statutes do not impose individual liability, or under section 1981, as Washington fails to allege that those individuals engaged in any conduct whatsoever (or suggest that, if given an amendment, he would be able to do so). As explained previously, dismissal of Washington's claims against each of these individuals is proper. *See Behnia v. Shapiro*, 961 F. Supp. 1234, 1237 (N.D. Ill. 1997) (noting that a plaintiff bringing a section 1981 claim must allege that the defendant possessed an intent to discriminate on the basis of

---

[5] The parties argue whether the Board members and the chancellor can be held liable individually; they cannot for the same reasons Baianca cannot. However, the court does not read the complaint as making any allegations against the individual defendants except for Baianca, and so need not dismiss any counts of that complaint based on this issue.

race, and granting dismissal of complaint that failed to allege individual involvement in alleged discrimination).

**C.     Federal pleading standards**

Finally, defendants urge dismissal of the remaining counts–Counts I, III, V, VII, and IX against the Board, and Count II against Baianco–for failure to satisfy federal pleading standards.

1.     Race discrimination claims

Washington's allegations regarding race discrimination are as follows: Washington is African-American, was not hired for positions at UIC, believes that Baianca, who is white, hired non-black persons instead of Washington, and believes that he was "targeted to be ignored rather than hired because of his race, black." (Compl. ¶¶ 25, 25b, 28b.) These allegations put defendants on notice of the nature of Washington's claims. Defendants argue that his claims still fail the facial plausibility test. Specifically, defendants point to allegations that Baianca initially expressed a preference for a license that Washington did not have (a non-racial reason) and that Washington, after obtaining the license, was offered a position that he could not take because he failed the physical (another non-racial reason).

Washington's allegations that he was discriminated against many times over by Baianca, then was given an offer of employment once a black UIC employee was included in the interview with Baianca, may not prove true but are at least plausible. UIC urges that the later offer undoes any previous discrimination, but cites no authority holding as much. If Washington suffered adverse employment actions for discriminatory reasons, he suffered an actionable injury, even if the damage caused by that injury was later mitigated by a favorable hiring decision for another position.

7

It may well be that Baianca and UIC had sound reasons not to hire Washington–that the first several openings were not filled by anyone due to legitimate, non-discriminatory reasons, as defendants claim in briefing, or that Washington was not hired even after he was given an offer due to legitimate concerns about his physical capacity to perform the job. However, those factual issues are left unresolved by the complaint itself, which is the focus of the present inquiry. Consequently, defendants' motion to dismiss is denied insofar as it seeks dismissal of Counts I, V, and IX against the Board and Count II against Baianca.

    2.    <u>Age discrimination claims</u>

Washington alleges that he is past forty years old, that in interviews he was asked his age and whether he was planning to retire, and that the jobs for which he applied were filled by persons younger than he for discriminatory reasons. These allegations put defendants on notice of the nature of Washington's claims, and are no less plausible than their race discrimination counterparts. Therefore, the allegations suffice to state a claim for age discrimination.

### IV. CONCLUSION

For the reasons stated above, defendants' motion to dismiss is granted in part. Defendants' motion is granted with respect to defendants the University of Illinois at Chicago, Paula Allen-Meares, Christopher G. Kennedy, Frances G. Carroll, Lawrence Oliver, Karen Hasara, Timothy Koritz, James D. Montgomery, Pamela Strobel, Carlos Tortolero, Edward L. McMillan, and Bogdan V. Zavorotny; Washington's claims against those defendants are dismissed with prejudice. Washington's Counts IV, VI, VIII, and X are likewise dismissed with prejudice. However, defendants' motion is denied with respect to Counts I, III, V, VII, and IX insofar as Washington brings those counts against

the Board, and with respect to Count II in its entirety. Defendants' previous motion to dismiss is denied as moot.

Washington is granted 21 days to file an amended complaint consistent with this opinion.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: April 2, 2010